# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5441 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Davis Bancorp, Incorporated et al. v. Federal Deposit Insurance Corporation | | |

**DOCKET ENTRY TEXT**

Motion by defendant Federal Deposit Insurance Corporation to dismiss Plaintiffs' Complaint [16] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On May 1, 2005, Davis Bancorp, Incorporated ("Davis") entered into a contract under which it agreed to sort and roll coins for Broadway Bank. Davis later assigned the coin rolling responsibility to Armored Davis Bancorp, Incorporated ("Armored Davis"). The complaint does not explain the relationship between Davis and Armored Davis, other than to say that both are "under common ownership, management and control." Compl. ¶ 4. Armored Davis performed the coin-rolling task from 2005 to 2007. Armored Davis billed Broadway Bank for the services, and Broadway Bank made payments to Armored Davis.

In April 2010, Broadway Bank was closed and the Federal Deposit Insurance Corporation was appointed as its receiver ("FDIC-R" or "defendant"). Armored Davis subsequently presented a proof of claim to the FDIC-R for the sum of $85,728.00 for coin rolling services it had provided to Broadway Bank. After the FDIC-R denied the claim, plaintiffs Davis and Armored Davis filed the instant suit pursuant to provisions of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821.

The complaint consists of two counts. Count I is asserted by Armored; Count II is asserted by Davis. Both seek entry of a judgment against the FDIC-R in the amount of $85,728.00. The FDIC-R moves to dismiss both counts under both Rule 12(b)(1) and 12(b)(6).

In response to the motion, Davis has acknowledged that it has failed

to exhaust administrative remedies before filing the instant suit and has voluntarily withdrawn its claim. *See* Resp. at 2. As to Count II, therefore, defendants' motion to dismiss is denied as moot.

With respect to Count I, defendant offers two reasons for dismissal. The first is lack of jurisdiction. Defendant argues that a claim cannot be pursued in a federal action unless it first has been pursued by way of FIRREA's claims process. According to defendant, while Armored Davis originally brought a claim for unpaid invoices during the administrative claims process, it advances a claim for set-off in the present suit. Since the set-off claim was not presented during the administrative claims process, there is no jurisdiction over the claim in this suit.

The problem with this argument is that Armored Davis does not assert a set-off claim in this action. Defendant's reason for suggesting otherwise is puzzling. The complaint nowhere says anything about a "set-off." Defendant points to paragraph 14 of the complaint, which states: "Plaintiffs' ownership had, prior to and at the time of the takeover, a promissory note due and payable to Broadway Bank and Plaintiffs were not in a position to file suit against Broadway prior to the takeover due to the financial obligations of Plaintiffs' owners." Compl. ¶ 14. According to defendant, this amounts to a concession that "its shareholders had, prior to the appointment of the receivership, a promissory note with Broadway and therefore its claim for coin rolling services was not really a contract claim but a set off from the amount due Broadway under that note." Mem. at 4. I see no reason why the complaint must be interpreted in the way that defendant insists.

Defendant next argues that Count I must be dismissed under Rule 12(b)(6) because it never had any written agreement with Armored Davis regarding the coin sorting and rolling. But while Armored Davis did not have an agreement with Broadway Bank, Davis did have such an agreement, and Davis assigned that agreement to Armored Davis. Defendant argues that the assignment was not valid, pointing to a paragraph of the agreement which states: "This Agreement is not assignable by Client without the prior written consent of Davis and any attempt to do so shall be considered a unilateral termination by Client . . . . Davis shall have the right to assign this Agreement to any successor in interest to the business of Davis, pursuant to any purchase, merger or other reorganization." Pls.' Ex. 1, ¶ 12. According to defendant, this provision indicates that "Davis could only assign the agreement under limited circumstances being a purchase, merger or reorganization of Davis' business," which has not been alleged in the complaint.

The first problem with this argument is that defendant failed to raise it until its reply brief. It is well-settled that arguments raised for the first time in a reply brief are forfeited. *See, e.g., Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). It is true that defendant's arguments were made in response to arguments raised by Armored Davis in its response brief. But defendant was clearly aware of Armored Davis's contention that the contract had been assigned to it, and thus defendant could have raised the

| STATEMENT |
|---|

issue at the outset. By failing to do so, defendant deprived Armored Davis of an opportunity to respond. *See, e.g.*, *Chicago Police Sergeants Ass'n v. City of Chicago*, No. 08 C 4214, 2009 WL 3672094, at *1 (N.D. Ill. Nov. 4, 2009)(" Arguments raised for the first time in a reply brief that could and should have been raised in the opening brief give the author of the reply brief an unfair advantage and are generally deemed waived.").

In any event, the language on which defendant's argument depends does not unambiguously show that the assignment at issue here was impermissible. The provision merely states that the contract may be assigned to a successor-in-interest if Davis should be reorganized or sold. The paragraph says nothing about the permissibility of assignment to other entities to which Davis is related. Indeed, as mentioned above, the precise nature of the relationship between Davis and Armored Davis is not clear. The complaint states merely that the two entities are under common ownership. Nor am I able look to documents beyond the complaint in order to clarify the issue, for unlike the preceding argument, which was advanced under Rule 12(b)(1), this argument is brought under Rule 12(b)(6). In short, I cannot say as a matter of law that Count I fails.

For these reasons, defendant's motion to dismiss is denied.